Case 4:21-cv-01180   Document 1-6   Filed on 04/12/21 in TXSD   Page 1 of 8

3/10/2021 3:19 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51351100
By: D Burton
Filed: 3/10/2021 3:19 PM

CAUSE NO. _____

| | | |
|---|---|---|
| ERICK RUANO,<br>*Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§ | HARRIS COUNTY, TEXAS |
| JOHN DOE, AMAZON.COM SERVICES, INC. and AMAZON LOGISTICS, INC.,<br>*Defendants.* | §<br>§<br>§<br>§<br>§ | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ERICK RUANO, Plaintiff (hereinafter "Plaintiff"), in the above entitled and numbered cause, and files this his Original Petition and Jury Demand, complaining of and against JOHN DOE; AMAZON.COM SERVICES, INC.; and AMAZON LOGISTICS, INC., Defendants (hereinafter collectively "Defendants"), and for cause of action would respectfully show the Honorable Court and Jury the following:

**I.
PARTIES**

1.1     Plaintiff, Erick Ruano, is an individual residing in Harris County, Texas.

1.2     Defendant, John Doe, is an individual residing in Houston, Harris County, Texas and may be served with process wherever he may be found.

1.3     Defendant, Amazon Logistics, Inc. ("Amazon Logistics"), is a Foreign For-Profit Corporation conducting business in Houston, Harris County, Texas.  This Defendant may be served with process by serving its Registered Agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever they may be found.

1.4     Defendant, Amazon.com Services, Inc. ("Amazon.com"), is a Foreign For-Profit Corporation conducting business in Houston, Harris County, Texas. This Defendant may be served with process by serving its Registered Agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever they may be found.

1.5     Plaintiff specifically invokes his right to institute this suit against whatever entity was conducting business using the assumed or common name of "Amazon" with regards to the events described in this Petition. Plaintiff expressly invokes his right under Texas Rule of Civil Procedure 28 to have the true name of this party substituted at a later time upon motion or on the Court's own motion.

## II.
## DISCOVERY

2.1     Pursuant to Texas Rules of Civil Procedure 190.3, Plaintiff requests a Level 2 Discovery Control Plan.

## III.
## VENUE & JURISDICTION

3.1     Venue for this case is proper in Harris County, Texas pursuant to §15.002(a)(1) of the Texas Civil Practice and Remedies Code in that Harris County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

3.2     This Court has original jurisdiction over this civil action because Plaintiff seeks damages in an amount exceeding the Court's minimum jurisdictional limits.

Pursuant to Texas Rules of Civil Procedure 47(c)(5), Plaintiffs seek monetary relief over $1,000,000.

## IV.
## FACTS

4.1     On or about August 7, 2019, Plaintiff was traveling West on 19th Street approaching the Beall Street Intersection.  Defendants were traveling North on Beall Street, completely disregarded the stop sign and crashed into Plaintiff.  At sometime after the collision, Defendants told Plaintiff that Defendant John Doe needed to continue with the deliveries and left the scene of the crash.  As a direct and proximate result of Defendants' conduct, Plaintiff has suffered substantial injuries and damages.

## V.
## CAUSES OF ACTION

### Negligence

5.1     The incident made the basis of this lawsuit resulted from the improper conduct of Defendants which proximately caused the injuries and damages to Plaintiff. Defendants owed Plaintiff a duty to conduct themselves as a person of ordinary prudence would have in similar circumstances.  Defendant John Doe operated the vehicle he was driving in a negligent, reckless manner, failed to operate Defendants Amazon Logistics and Amazon.com's vehicle in an ordinary prudent manner and breached this duty when he, among other negligent conduct:

   a.  Ran the stop sign;

   b.  Left the scene of an accident;

   c.  Failed to control his speed;

    d. Failed to maintain a proper lookout;

    e. Failed to steer to avoid the collision;

    f. Driver inattentiveness;

    g. Driving in a negligent and unsafe manner;

    h. Texting while driving;

    i. Failed to exercise due care and diligence in operation of his vehicle;

    j. Failed to obey the traffic laws of the State of Texas; and

    k. Failed to act as a person of ordinary prudence would have in a similar situation.

Each of these acts and/or omissions above, whether taken singularly or in any combination constitutes negligence and negligence *per se* which proximately caused the injuries and other losses as specifically set forth herein, all of which Plaintiff has suffered and which Plaintiff will continue to suffer in the future and for the remainder of his natural life.

### Defendants Amazon Logistics and Amazon.com – Respondeat Superior

5.2    Defendants Amazon Logistics and Amazon.com are vicariously liable for the above listed acts and/or omissions of its principal, employee, representative or agent, Defendant John Doe, as Defendant John Doe was acting in the course and scope of his employment/partnership/association with Amazon Logistics and Amazon.com.

### Negligent Entrustment of a Motor Vehicle

5.3    Defendants Amazon Logistics and Amazon.com are also liable under negligent entrustment of a motor vehicle. Defendants Amazon Logistics and Amazon.com entrusted the vehicle to Defendant John Doe. Defendant John Doe was

reckless in the operation of the vehicle and Defendants Amazon Logistics and Amazon.com knew or should have known that Defendant John Doe was a reckless driver. Defendant John Doe was negligent in the operation of the vehicle for the reasons stated above and this negligence proximately caused Plaintiff's injuries.

### Negligent Hiring

5.4    Defendants Amazon Logistics and Amazon.com are also liable for negligent hiring. Defendants Amazon Logistics and Amazon.com owed Plaintiff a legal duty to hire, supervise, train, or retain competent employees that would be operating their vehicles. Defendants Amazon Logistics and Amazon.com breached this duty and the breach was the proximate cause of Plaintiff's injuries.

### Gross Negligence

5.5    Defendants' conduct, as described above, constitutes gross negligence as that term is defined in Texas. Specifically, the Defendants' acts and omissions, when viewed objectively from the standpoint of the Defendants at the time of the occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and which the Defendants had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, including the Plaintiff.

## VI.
## DAMAGES

6.1    As a result of the accident that forms the basis of this lawsuit, as stated above, and as a direct and proximate result of Defendants' negligence, Plaintiff has

suffered serious injuries, will likely sustain additional damages in the future, and is entitled to recover:

a. Past medical bills and expenses incurred as a proximate result of the occurrence that forms the basis of this suit;

b. Future medical bills and expenses that in all reasonable probability will be incurred as a proximate result of the occurrence that forms the basis of this lawsuit;

c. Mental anguish, physical pain and suffering, and loss of enjoyment of life in the past and in the future;

d. Exemplary damages;

e. Pre-judgment and post-judgment interest; and

f. Such other and further items of damages as may be supplemented as a result of the discovery performed in this suit.

## VII.
## JURY DEMAND

7.1 Plaintiff demands a trial by jury and the appropriate fee has been submitted.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants answer the allegations herein, and upon trial thereof, Plaintiff have and recover judgment against Defendants for all damages and injuries suffered and incurred, for pre-judgment interest, for interest on the judgment, for court costs, and for such relief, in law or equity, that this Court establishes Plaintiff is entitled to.

Plaintiff's Original Petition and Jury Demand  Page 6 of 7
A-4
Certified Document Number: 94749729 - Page 6 of 7

Respectfully submitted,

**ROBERTS MARKLAND LLP**

By: */s/ R. O. Cantu*
Clive Markland
State Bar No. 24027475
Johnny P. Papantonakis
State Bar No. 24032927
Rob O. Cantu
State Bar No. 24094580
2555 North MacGregor, Way
Houston, Texas 77004
Telephone: 713.630.0900
Facsimile: 713.630.0991
Email: cm@robertsmarkland.com
Email: rc@robertsmarkland.com
Email: eservice@robertsmarkland.com

**ATTORNEYS FOR PLAINTIFF**

**DESIGNATED E-SERVICE EMAIL ADDRESS**

The following is the designation of electronic service email address for the above attorney(s) for all electronically served documents and notices, filed and unfiled pursuant to Tex. R. Civ. P. 21(f)(2) and 21(a): eservice@robertsmarkland.com. This is the ONLY electronic service email address for the above attorney(s), and service through any other email address will be considered invalid.



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   April 6, 2021

Certified Document Number:        94749729 Total Pages:  7

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

A-4