United States District Court
Southern District of Texas
**ENTERED**
August 11, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERICK RUANO, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-01180 |
| | § | |
| JALEN JORDAN, AMAZON.COM | § | |
| SERVICES, INC. and AMAZON | § | |
| LOGISTICS, INC., | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, and because the Court lacks diversity jurisdiction over this case, this matter is **REMANDED** to the 334th District Court of Harris County.

## FACTUAL BACKGROUND

On August 7, 2019, Ruano's vehicle was hit by a vehicle driven by Jalen Jordan, an employee of Pack & Ride, LLC. (Dkt 37-2). Ruano, who was under the impression that Jordan was driving an Amazon delivery truck, filed a state-court suit against Amazon.com Services, Inc. and Amazon Logistics, Inc. ("the Amazon Defendants") for negligence, respondeat superior, negligent entrustment of a motor vehicle, negligent hiring, and gross negligence. (Dkt. 1-6). The Amazon Defendants removed the case to this Court. (Dkt. 1). The Court granted leave for Ruano to file an Amended Complaint (Dkt. 22), wherein Ruano added Jordan as a Defendant (Dkt. 23).

1

**LEGAL STANDARD**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[F]ederal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction sua sponte if not raised by the parties." *Howery v. Allstate Ins. Co*., 243 F.3d 912, 919 (5th Cir.2001). Though a court may not *sua sponte* remand a case for procedural defects, § 1447(c) makes clear that a court must remand a case if it determines that it lacks subject matter jurisdiction. *Coleman v. Alcolac, Inc*., 888 F.Supp. 1388, 1394 (S.D. Tex. 1995).

**ANALYSIS**

After this case was removed from state court, Ruano sought and obtained leave to add Jalen Jordan, the driver of the van involved in the accident, as a defendant. (Dkt. 22). Ruano's Amended Complaint states that Jordan, like Ruano, resides in Harris County, Texas. (Dkt. 23 at 2). Thus, the inclusion of Jordan has destroyed complete diversity between the parties.

Federal courts have "original jurisdiction" over civil actions where the parties are diverse and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). However, such diversity jurisdiction requires complete diversity—that is, the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *See, e.g., Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996).

Because the Court lacks diversity jurisdiction, this matter is remanded to state court.

2

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that this case is **REMANDED** to the

334th District Court of Harris County. All other motions are **DENIED AS MOOT**.


SIGNED at Houston, Texas on August 10, 2023.


GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

3